UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENISE DAGGETT,

       Plaintiff,

vs.                      Case No.  2:08-cv-46-FtM-29DNF

AMERICAN SECURITY INSURANCE COMPANY,
a Florida corporation, FIRST
COMMUNITY INSURANCE COMPANY, a
Florida Community Insurance Company,
a Florida corporation formerly known
as Bankers Security Insurance
Company,

       Defendants.

_____

### OPINION AND ORDER

_____This matter comes before the Court on plaintiff's Motion to Remand (Doc. #17) filed on February 18, 2008.  Defendant American Security Insurance Company filed a Response (Doc. #26) on March 14, 2008.

### I.

On October 13, 2005 plaintiff filed a one count declaratory action in state court against defendants First Community Insurance Company (FCI) and American Security Insurance Company (ASIC) seeking a determination of which insurance company is liable for damages sustained by plaintiff's house as a result of Hurricane Charley.  (Doc. #1-2.)  The state court granted judgment on the pleadings in favor of FCI on April 4, 2006.  (Doc.  #1-35.) Plaintiff and ASIC then agreed to abate the state court proceedings pending arbitration and an appraisal, and on March 16, 2007, the

state court judge signed an Order abating the case, ordering the parties to conduct an arbitration and an appraisal, and directing that "the litigation shall proceed upon the appropriate notice by the parties" if the matter was not resolved.  (Doc. #1-3.)  On October 15, 2007, the appraisal award was executed by an adjuster for ASIC for $190,000.  (Doc. #2-4.)  The case did not resolve, and on November 9, 2007, plaintiff filed a Motion to Amend Complaint seeking to add a claim for bad faith under FLA. STAT. § 624.155 against ASIC.  (Doc. #1-4.)  On January 7, 2008, the state court judge entered an order authorizing the filing of the proposed Amended Complaint.  (Doc. #1-6.)

Count I of the Amended Complaint (Doc. #2) restated the declaratory judgment action, but stated in its caption that "Count I for declaratory relief has been resolved".  Count II alleged statutory bad faith pursuant to Fla. Stat. § 624.155 against ASIC. Specifically, Count II alleged that ASIC did not "fully, fairly and in good faith pay [plaintiff's] claims for damages . . . ."  (Doc. #2, ¶26.)

ASIC removed the Amended Complaint to federal court on January 22, 2008 (Doc. #1), and plaintiff now seeks an order remanding the case to state court.  Plaintiff argues that removal was untimely because the Notice of Removal was filed more than 30 days after the filing of the original Complaint.  Defendant responds that removal was timely because it was filed within 30 days after the filing of the Amended Complaint.

## II.

"Removal of state court actions to federal court involves both jurisdictional and procedural considerations." Lowery v. Ala. Power Co., 483 F.3d 1184, 1194 (11th Cir. 2007). As to jurisdiction, a state court action may be removed to a federal court if it is a "civil action . . . of which the district courts of the United States have original jurisdiction," unless Congress expressly provides otherwise. 28 U.S.C. § 1441(a); Darden v. Ford Consumer Fin. Co., 200 F.3d 753, 755 (11th Cir. 2000). Such original jurisdiction includes diversity jurisdiction, which requires that the parties be citizens of different states and that the amount in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332; Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). In this case it is not contested that there is complete diversity of citizenship and that the amount in controversy exceeds the $75,000 federal jurisdictional amount. Thus, the jurisdictional considerations in this case are satisfied, leaving only the procedural issue of the timeliness of defendant's removal.

## III.

The timing of a notice of removal is controlled by 28 U.S.C. § 1446(b), which states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief

upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).  The Eleventh Circuit has stated that in answering the question of when an action is removable, § 1446(b) creates two types of cases: "(1) those removable on the basis of an initial pleading; and (2) those that later become removable on the basis of 'a copy of an amended pleading, motion, order or other paper.'"  Lowery, 483 F.3d at 1212.  In either type of case, "a defendant must remove within thirty days of receiving the document that provides the basis for removal."  Lowery, 483 F.3d at 1212-13. Thus, if the case is removable on the initial pleading, the thirty day period "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999).  The statute only allows resort to the second sentence of § 1446(b) "[i]f the case stated by the initial pleading is not removable . . . ."

In this case, both parties agree that the declaratory judgment claim in the original Complaint _was_ removable, although defendant chose not to remove it.   Thus, the Amended Complaint was not a document from which "it may _first_ be ascertained that the case is one which is or has become removable" within the meaning of § 1446(b)(emphasis added.)  Having failed to remove what was then a removable case, it would appear that defendant missed the only applicable statutory 30 day window of removal.

Defendant argues, however, that this case falls within a judicially created "revival exception" to Section 1446(b) which gives him a second bite at the removal apple.  The Fifth Circuit in Johnson v. Heublein Inc., 227 F.3d 236, 241 (5th Cir. 2000), described a "judicially-created revival exception to the thirty-day requirement of section 1446(b)" under which a defendant is permitted to remove beyond thirty-days after the initial filing where "the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit." Id. at 241-42 (citing Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n, 668 F.2d 962 (7th Cir. 1982))("[T]he courts have read into § 1446(b) an exception for the case where the plaintiff files an amended complaint that so changes the nature of his action as to constitute substantially a new suit begun that day.")  Courts applying this exception have reasoned that "although a defendant has submitted himself to state court jurisdiction on

one cause of action, this does not prevent his removing the cause when an entirely new and different cause of action is filed in the same case." Id. at 241-42 (internal citations omitted).

The Eleventh Circuit has neither adopted nor rejected this judicially created exception. At least one District Court in the Middle District of Florida has recognized the revival exception, Clegg v. Bristol-Myers Squibb Co., 285 B.R. 23 (M.D. Fla. 2002)(recognizing the existence of the revival exception), although noting that the majority of courts that recognized the revival exception have found it inapplicable to the facts before them. Id. at 31. The parties rely upon two arguably conflicting Middle District of Florida cases. Plaintiff asserts that the facts of this case are virtually identical to those in Eparvier v. Fortis Ins. Co., No. 6:07-cv-1491, 2007 WL 3024032 (M.D. Fla. Oct. 15, 2007), and therefore the matter should be remanded.[1] Defendant argues that the Amended Complaint is in essence an entirely different one count damages action which "constitutes a new civil action which is independently removable." (Doc. #26, p. 3.)

_____

[1]In Eparvier, there was an initial dispute of coverage, which was eventually resolved in favor of the insured. Subsequently, the insured amended her complaint adding a bad faith claim, which the defendant removed to federal court. The District Court remanded the case, reasoning that the "original action has not been fully resolved. Plaintiff's Amended Complaint contains the same causes of action as her original complaint, and indeed her motion for attorney's fees regarding those claims are still pending." Eparvier, 2007 WL 3024032, at *2. The District Court also explained that denying plaintiff's Motion to Remand would also result in "very inefficient use of judicial resources." Id.

Defendant relies on Lahey v. State Farm Mut. Auto Ins. Co., No. 8:06-cv-1949, 2007 WL 2029334 (M.D. Fla. July 11, 2007).[2]

The Court doubts that a revival exception can be read into the clear dichotomy set forth in § 1446(b). Either a case is removable based on the initial pleading or it is not. If it is removable, defendant must do so within thirty days. Subsequent conduct can only affect removability if the case was not originally removable. If Congress had wanted to place a third window of opportunity for removal coinciding with certain kinds of amendments to existing actions, it could have done so. The Court need not resolve the issue of the existence of the exception, however, because even if the exception does exist it does not apply in this case.

It is certainly true that a claim for a declaratory judgment as to insurance coverage and a claim for bad faith are different. Indeed, there must be a final determination of both the insurer's liability and the amount of damages owed by the insurer before a first party bad faith claim accrues against the insurer under Fla. Stat. § 624.155. Blanchard v. State Farm Mut. Auto. Ins. Co., 575

---

[2]In Lahey, the plaintiff filed an uninsured motorist claim in state court on which a jury rendered a verdict. Plaintiff then filed an amended complaint adding a bad faith claim, with leave of court, which defendants removed to federal court. The District Court judge denied plaintiff's Motion to Remand on the grounds that the "bad faith claim is [a] separate and distinct cause of action, Defendant was entitled to remove the bad faith claim within 30 days of when it was filed and was not precluded from filing it more than one year after the original [uninsured motorist] claim was filed." Lahey, 2007 WL 2029334, *2.

So. 2d 1289 (Fla. 1991); <u>State Farm Mut. Auto. Ins. Co. v. O'Hearn</u>, 975 So. 2d 633, 635-36 (Fla. 2d DCA 2008).  A plaintiff may not proceed simultaneously on a claim to determine liability or damage and a bad faith claim.  <u>Progressive Select Ins. Co. v. Shockley</u>, 951 So. 2d 20 (Fla. 4th DCA 2007).  Adding the bad faith claim, however, did not so substantially alter the character of the civil action that it constituted essentially a new lawsuit.  While there was a new claim, there was not a new civil action.  Even after entry of the April 3, 2006, judgment determining that ASIC was liable for the coverage, the parties and the state court contemplated that the "litigation shall proceed" in the underlying state cause of action if arbitration and appraisal did not resolve the "their respective claims prior to any trial on this matter."  Therefore, defendant's Notice of Removal was untimely and plaintiff's Motion to Remand is granted.[3]

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion to Remand (Doc. #17) is **GRANTED**.  The Clerk is **directed** to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, and to transmit a certified copy of this Opinion and Order to the Clerk of

---

[3]Having found that remand is appropriate, the Court need not address plaintiff's remaining arguments.

that Court.  The Clerk is further **directed** to terminate all pending
motions and deadlines and close this case.

    **DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of
April, 2008.


                                    _____
                                    JOHN E. STEELE
                                    United States District Judge


Copies:
Counsel of record